UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

In re:

MACK PROPERTIES, INC.,

Debtor.

Case No. 6:06-bk-01375-ABB
Chapter 7

_____/

# MEMORANDUM OPINION AND ORDER

This matter came before the Court on the Application of Trustee for Compensation (Doc. No. 59) ("Application") filed by Robert E. Thomas, the Chapter 7 Trustee herein ("Trustee"). A hearing was held on August 6, 2007 at which the Trustee, counsel for the Trustee, and counsel for the Office of the United States Trustee ("UST") appeared. The parties were invited to file briefs in support of their positions. The UST filed a Memorandum (Doc. 70) and The National Association of Bankruptcy Trustees ("NABT") filed an *Amicus Curiae* Brief (Doc. No. 71) supporting the Application.

The issues for determination are how the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 ("BAPCPA") amendments to 11 U.S.C. Section 330 affect trustee compensation calculations and the amount of compensation to be awarded to the Trustee in this case. The Court makes the following Findings of Fact and Conclusions of Law after reviewing the pleadings, hearing live argument, and being otherwise fully advised in the premises.

## **FINDINGS OF FACT**

Mack Properties, Inc., the Debtor herein ("Debtor"), filed a voluntary Chapter 7 petition on June 13, 2006 ("Petition Date"). The Trustee was appointed the Chapter 7 trustee on June 14, 2006. Unsecured claims totaling $8,774,868.39 were filed.

The Debtor owned two adjacent parcels of real property in Apopka, Florida (the "Property") at which a tenant, Daydreams Child Development Center ("Tenant"), operated a daycare center for children. Fifth Third Bank ("FTB") held a first priority lien and security interest in the Property and the rents generated from the Property. The Tenant made rent payments prepetition to the principal of the Debtor, Gregory S. Mack ("Mack"). Neither Mack nor the Debtor was making payments to FTB pursuant to the mortgage instruments.

FTB's foreclosure action was pending on the Petition Date and filed a motion seeking relief from the automatic stay. Stay relief and a resulting foreclosure sale were avoided through the Trustee's efforts. The Trustee entered into negotiations to sell the Property to the Tenant and retained an auctioneer in the event the negotiations were unsuccessful. The auctioneer conducted a valuation of the Property and assisted the Trustee with sale negotiations. The Trustee, as he attempted to consummate a sale of the Property, communicated on a regular basis with counsel for FTB to stave off a foreclosure.

The Trustee sold the Property to the Tenant for the gross sale price of $726,018.64.[1] FTB's secured claim of $596,018.64 was paid in full at the closing of the sale, resulting in a net deposit to the estate of $130,000.00 from the sale. The estate also received rental payments of $6,371.00 from the Tenant and post-petition interest of $485.39. The Trustee's Final Report (Doc. 60) reflects the estate received total funds of $732,875.03.

---

[1] The gross sale price consists of $130,000.00 plus full satisfaction of FTB's mortgage of $596,018.64.

The Trustee disbursed $20,153.20 from the estate, representing the return of the Tenant's bid deposit and payment of the Trustee's bond premium. A balance of $136,703.19 remains for payment of administrative expenses and allowed claims. Administrative expenses of $49,597.78 are requested in the Final Report:

(i) Trustee's commission of $39,893.75 and costs of $82.36;
(ii) Trustee's attorney's fees of $6,825.00 and costs of $75.12;
(iii) Accountant's fees of $750.00 and costs of $11.55; and
(iv) Auctioneer's fees of $1,960.00.

Claims 1 through 5 totaling $8,774,868.39 have been deemed allowed general unsecured claims.

The Trustee requests compensation in the amount of $39,893.75, representing the maximum statutory commission on gross receipts of $732,875.03. Notice of the Application and Final Report was served on all parties in interest (Doc. No. 61) and no objections were raised. The Court approved compensation of $15,000.00 for the Trustee pursuant to the Approved Worksheet (Doc. No. 64). The Trustee filed a Motion (Doc. No. 65) requesting a hearing be held on his compensation request.

The Court inquired of the Trustee, at the compensation hearing, the services he performed for the benefit of the estate, which the Trustee detailed. His services primarily entailed negotiating and consummating the sale of the Property to the Tenant and forestalling a foreclosure sale by FTB while the sale process was underway. The Trustee and the UST asserted the Bankruptcy Code requires the Court to award the Trustee the full statutory commission of $39,893.75 and prohibits reduction of such amount. The Court authorized the filing of a brief by any party in interest concerning these issues. The NABT filed an *Amicus Curiae* Brief in support of the Application explaining the compensation

issue is of significant interest to all of its members in that the issue directly impacts trustees' compensation.[2]

The Bankruptcy Code does not mandate an award of the maximum trustee statutory commission of $39,893.75. The Court is authorized to award compensation that constitutes a reasonable fee for the Trustee's services rendered in this case and may be less than the statutory commission calculation. A reasonable fee for the Trustee's services in this case is $15,000.00. His costs of $82.36 are reasonable. The Trustee is entitled to a compensation award of $15,000.00 and costs of $82.36.

## CONCLUSIONS OF LAW

Sections 326 and 330 of the Bankruptcy Code govern a Chapter 7 trustee's compensation. BAPCPA, which became generally effective on October 17, 2005, amended Section 330. This case was filed after BAPCPA's effective date and is subject to the BAPCPA amendments.

Section 326(a) sets forth the compensation calculation for Chapter 7 and 11 trustees based upon sums of monies disbursed. It provides:

> In a case under chapter 7 or 11, the court may allow reasonable compensation under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, not to exceed 25 percent on the first $5,000 or less, 10 percent on any amount in excess of $5,000.00 but not in excess of $50,000, 5 percent on any amount in excess of $50,000 but not in excess of $1,000,000, and reasonable compensation not to exceed 3 percent of such moneys in excess of $1,000,000, upon all moneys disbursed or turned over in the case by the trustee to parties in interest, excluding the debtor, but including holders of secured claims.

11 U.S.C. § 326(a) (2006).

---

[2] NABT is a non-profit organization formed for the purpose of improving the administration of bankruptcy proceedings. It has approximately 1,400 members of whom 900 are bankruptcy trustees.

BAPCPA made two amendments to Section 330 relating to compensation of Chapter 7 trustees. Section 330(a)(3) provides a list of specific persons who are subject to the provision, which does not include Chapter 7 trustees, and added a new provision, Section 330(a)(7). Chapter 7 trustees are no longer subject to Section 330(a)(3), which limits the determination of the amount of "reasonable compensation to be awarded" based upon "relevant factors" to "an examiner, trustee under chapter 11, or professional person." 11 U.S.C. § 330(a)(3). The new Section 330(a)(7) provides: "In determining the amount of reasonable compensation to be awarded to a trustee, the court shall treat such compensation as a commission, based on section 326." 11 U.S.C. § 330(a)(7).

The Trustee, UST, and NABT assert, based upon the BAPCPA amendments, a chapter 7 trustee's compensation is determined solely by a calculation made pursuant to Section 326(a) and is not subject to a "reasonableness" review in the absence of extraordinary circumstances. Reasonableness, in their analysis, is encompassed by the Section 326 calculations. Their position is based upon the directive of the Executive Office of the United States Trustee, as quoted in the NABT's brief:

> EOUST's[3] Acting Director announced at the NABT meeting that U.S. Trustees will take the position that, absent extraordinary factors, trustees should be compensated based upon the percentages set forth in Section 326. While it may be prudent for trustees to maintain records of time spent on a case, and some courts may require time records, the U.S. Trustees will not independently require trustees to maintain time records. U.S. Trustees will give full meaning to the Congressional intent that trustee compensation is a commission, and will interpose objections only in unusual circumstances.[4]

The parties contend the Bankruptcy Code, as amended by BAPCPA, mandates a bankruptcy court must award a Chapter 7 trustee the maximum statutory commission and

---

[3] EOUST is an acronym for The Executive Office for U.S. Trustees.
[4] Doc. No. 71, p. 9, Ex. A at p. 55.

a reasonableness review is at odds with the plain and unambiguous language of the Code. The Code, both pre-BAPCPA and post-BAPCPA, allows for an award of "reasonable compensation" to a Chapter 7 trustee, which may be an amount less, but not more than, the maximum statutory commission allowed by Section 326.

Section 326(a), unchanged by BAPCPA, provides a court "*may allow reasonable compensation* under section 330 of this title of the trustee for the trustee's services, payable after the trustee renders such services, *not to exceed* 25 percent . . . ." 11 U.S.C. § 326(a) (*emphasis added*). The Section 326 commission calculations, by virtue of the language "not to exceed," constitute compensation ceilings. The title of Section 326, "Limitation on compensation of trustee," corroborates the calculations are caps and not fee entitlements.

The statute's plain language "may allow reasonable compensation" authorizes a court to exercise discretion in awarding compensation to a trustee. Had Congress intended to eliminate discretion from a compensation determination it would have used the imperative "shall" rather than "may" in Section 326.[5] <u>Jama v. Immigration and Customs Enforcement</u>, 543 U.S. 335, 346 (2005) (explaining in statutory construction "[t]he word 'may' customarily connotes discretion . . . That connotation is particularly apt where, as here, 'may' is used in contraposition to the word 'shall.'").

Section 326 compensation is not an entitlement. <u>In re Ward</u>, 366 B.R. 470, 473 (Bankr. W.D. Pa. 2007). A court is to consider the provisions of Section 326 "*as a part of* its reasonableness inquiry." <u>Id.</u> at 474; <u>In re Clemens</u>, 349 B.R. 725, 729 (Bankr. D.

---

[5] In comparison, Sections 330(a)(3), (a)(4)(A), (a)(5), (a)(6), and (a)(7) incorporate the imperative "shall." "In determining the amount of reasonable compensation to be awarded to an examiner, trustee under chapter 11, or professional person, the court shall consider the nature, the extent, and the value of such services, taking into account all relevant factors, including . . . ." 11 U.S.C. § 330(a)(3). A court "shall not allow compensation for" duplicative services and services not reasonably likely to benefit the estate or necessary to administration. 11 U.S.C. § 330(a)(4).

6

Utah 2006)) ("The Court must still determine the reasonableness of chapter 7 Trustee fees, but its inquiry should now include a consideration of the provisions in § 326."). "[L]abeling the trustee's fee as a commission does not avoid the requirement that the court also determine that the fee is 'reasonable' compensation." Ward, 366 B.R. at 475.

Section 330(a)(1), unchanged by BAPCPA, parallels Section 326 by incorporating a reasonableness standard: A court "*may* award to a trustee . . . *reasonable compensation* for actual, necessary services rendered by the trustee . . ." 11 U.S.C. § 330(a)(1) (*emphasis added*).[6] The usage of the word "may" authorizes discretion in the compensation determination. The BAPCPA amendments did not alter or eliminate the reasonableness standard. Clemens, 349 B.R. at 729.

Section 330(a)(2) specifically allows a court to award less compensation than the amount being sought by an applicant:

> The court *may, on its own motion* or on the motion of the United States Trustee, the United States Trustee for the District or Region, the trustee for the estate, or any other party in interest, *award compensation that is less than the amount of compensation requested.*[7]

The statute allows the compensation determination to be made *sua sponte* even where no objections to an application have been raised.

Section 330(a)(7), in referencing Section 326, does not define the term "commission" nor is the term defined in any provision of the Code. No methodology for

---

[6] Section 330 is entitled "Compensation of officers." Section 330(a)(1) provides (*emphasis added*):

(a)(1) After notice to the parties in interest and the United States Trustee and a hearing, and subject to sections 326, 328, and 329, the court *may award to a trustee*, a consumer privacy ombudsman appointed under section 332, an examiner, an ombudsman appointed under section 333, or a professional person employed under section 327 or 1103—
   (A) *reasonable compensation for actual, necessary services rendered by the trustee*, examiner, ombudsman, professional person, or attorney and by any paraprofessional person employed by any such person; and
   (B) reimbursement for actual, necessary expenses.

[7] 11 U.S.C. § 330(a)(2) (*emphasis added*).

calculating a "reasonable" commission is set forth in the Code. Nothing in the Code indicates the statutory maximum of Section 326 is presumed to be reasonable. In re McKinney, 374 B.R. 726, 730-31 (Bankr. N.D. Cal. 2007). Labeling the trustee's fee a "commission" does not eliminate the requirement a court must conduct an analysis to determine whether the fee is "reasonable." Id. at 731; Ward, 366 B.R. at 475; Clemens, 349 B.R. at 729; 3 COLLIER ON BANKRUPTCY ¶330.03[1][a], at 330-15-6 (15th ed. rev. 2006).

The Code does not define the term "reasonable." Section 330(a)(4) provides a description of services *not* considered reasonable and for which compensation "shall not" be allowed: "(i) unnecessary duplication of services; or (ii) services that were not—(I) reasonably likely to benefit the debtor's estate; or (II) necessary to the administration of the case." 11 U.S.C. § 330(a)(4).

Chapter 7 trustees are not subject to Section 330(a)(3) which, as amended by BAPCPA, limits its examination of reasonable compensation "to an examiner, trustee under chapter 11, or professional person." Chapter 7 trustees, however, continue to be subject to the reasonableness inquiry of Section 330(a)(1). Clemens, 349 B.R. at 730.

The plain meaning of Section 330(a)(7) requires consideration of the Section 326 cap in determining reasonableness. Clemens, 349 B.R. at 731. To interpret Section 326 as a commission to which a chapter 7 trustee is entitled, regardless of reasonableness, would not comport with the clear, unambiguous language of Sections 330(a)(1) and (a)(2). Clemens, 349 B.R. at 732. A court must give meaning to the plain language of the Code. U.S. v. Ron Pair Enter., Inc., 489 U.S. 235, 241 (1989)). The inquiry should

8

end with the clear language of the Code unless such an interpretation is contrary to legislative intent or would produce an absurd result. Id.

Employing a strict maximum commission award is not only at odds with the plain, unambiguous language of Sections 326 and 330, but may result in unjust and inequitable results. Awarding the statutory maximum in every case could overcompensate Chapter 7 trustees in cases where monetary distribution is high in relation to the services performed. McKinney 374 B.R. at 731.

Congress did not alter the Code provisions containing the "reasonableness" standard for compensation determination. The plain and unambiguous language of Sections 326 and 330 require a Chapter 7 trustee's compensation to be held to a reasonableness standard. Both the UST and NABT acknowledge in their briefs that reasonableness applies for Chapter 7 trustee compensation awards under *certain* circumstances. They characterize these circumstances as extraordinary, rare and unusual cases involving unconscionable windfalls.

The Chapter 7 Panel Trustees in the Orlando Division of the Middle District of Florida are outstanding and carry out their duties expertly, professionally, and efficiently. In too many cases they are not adequately compensated for their services. The creditors in a case where significant sums are collected through unexceptional efforts by the trustee should not, however, have their distributions reduced to make up for inadequate trustee compensation in previous cases.

The Court, pursuant to the clear, unambiguous language of Sections 326 and 330, will continue to apply the reasonableness standard in Chapter 7 trustee compensation determinations. The Court will not require trustees to maintain time records, but, as with all fee applications, a sufficient factual basis for the requested compensation must be provided.

The Trustee requests the maximum statutory commission of $39,893.75 calculated pursuant to Section 326, based upon total receipts of $732,875.03. FTB received $596,018.64 in satisfaction of its secured claim. Allowed claims total $8,774,868.39. The Trustee's services include negotiation and consummation of the sale of the Property to the Tenant, interactions with the auctioneer, and communications with counsel for FTB. A reasonable fee for the Trustee's services is $15,000.00.

Accordingly, an award of $15,000.00 to the Trustee is reasonable compensation for his services pursuant to 11 U.S.C. Sections 326 and 330. The Trustee is entitled to a compensation award of $15,000.00 and costs of $82.36.

Dated this 16th day of November, 2007.

ARTHUR B. BRISKMAN
United States Bankruptcy Judge